IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RACHEL N. PARKS,**

      Petitioner,

  v.                                      Civil Action 2:17-cv-128
                                             Judge Michael H. Watson
                                             Magistrate Judge Jolson

**STATE OF OHIO,**

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner has filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 1). This Court may deny the Motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings. In order to file a § 2255 motion, the movant must be a prisoner in custody under the sentence of a federal court. *See* 28 U.S.C. § 2255(a).

Stated simply, Petitioner's Motion fails because she is not a person in federal custody and improperly attempts to challenge a state court judgment. *See id*. Petitioner has a history of filing frivolous lawsuits in this Court. This is the fourth case Petitioner has filed—and each has been dismissed for lack of jurisdiction. *See C.M.B., et al. v. State of Ohio, et al.*, No. 2:16-cv-757 (Doc. 3 (denying habeas petition for failing to satisfy the "in custody" requirement and improperly seeking to challenge a state-court judgment)); *Clayton M. Bates, et al. v. Richard M. Dewine, et al.*, No. 1:16-cv-975 (Docs. 9, 18 (same)); *Rachel N. Parks v. State of Ohio*, No. 2:17-cv-54 (Doc. 11 (same)). Thus, Petitioner is warned that "federal courts have inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to

deter future, frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *5 (S.D. Ohio Jan. 7, 2014). Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the Petition be **DISMISSED** as frivolous and Respondent's Motion to Dismiss (Doc. 3) and Motion to Quash (Doc. 4) be **DENIED AS MOOT**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A district judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a district judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 13, 2017                         /s/ Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE